IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RCH PRODUCTS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RICK GANIS, individually and trading as REC Supply, | : | |
| | : | |
| Defendant. | : | NO. 02-3756 |

PLAINTIFF'S ANSWER
TO DEFENDANT'S ANSWER AND COUNTERCLAIMS

The Plaintiff, RCH Products, Inc., by its undersigned attorneys, answers the correspondingly-numbered paragraphs of the Answer and Counterclaims of the Defendant, Rick Ganis, individually and trading as REC Supply, as follows:

40. Paragraph 40 states an affirmative legal defense to which no answer is required.

41. Paragraph 41 states an affirmative legal defense to which no answer is required. To the extent that an answer is required and paragraph 41 contains allegations of fact, the allegations are denied on the basis of Mr. Ganis' breach and/or repudiation of the alleged accord and satisfaction.

42. Paragraph 42 purports improperly to state a factual defense to which, in any event, no answer is required. To the extent an answer is required, the allegations, including the allegation that the document appended to the Answer as Exhibit D-1 is an agreement to which RCH is a party, are denied.

PH1 408189v1 07/30/02

51. Admitted in part and denied in part. RCH admits only that it withheld $2,993.00 in commission payments and expense reimbursements as a set-off against Mr. Ganis' indebtedness to RCH. The remaining allegations of paragraph 51 of the Counterclaim are denied.

52. Denied.

## COUNT B

53. RCH incorporates its responses to paragraphs 45-52 of the Counterclaim as if fully set forth.

54. Admitted in part and denied as stated. Insofar as paragraph 54 of the Counterclaim alleges facts, they are admitted. The remaining allegations of paragraph 54 of the Counterclaim states a conclusion of law to which no responsive pleading is required.

55. Denied in part and denied as stated. Insofar as paragraph 55 of the Counterclaim alleges facts, they are denied. The remaining allegations of paragraph 55 of the Counterclaim states a conclusion of law to which no responsive pleading is required.

56. Denied in part and denied as stated. Insofar as paragraph 56 of the Counterclaim alleges facts, they are denied. The remaining allegations of paragraph 56 of the Counterclaim states a conclusion of law to which no responsive pleading is required.

57. Denied in part and denied as stated. Insofar as paragraph 57 of the Counterclaim alleges facts, they are denied. The remaining allegations of paragraph 57 of the Counterclaim states a conclusion of law to which no responsive pleading is required.

58. Denied.

## COUNT C

59. RCH incorporates is responses to paragraphs 44-58 of the Counterclaim as if fully set forth.

60. Admitted in part and denied in part as stated. RCH admits only that Mr. Ganis made sales through his trade name REC Supply while employed by RCH. RCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 60 of the Counterclaim, which are, therefore, denied.

61. Admitted in part and denied in part. It is admitted only that the three customers listed were invoiced by Mr. Ganis in the listed amounts. The remaining allegations of paragraph 61 of the Counterclaim are, and, specifically, any allegation that these customers were invoiced only in these amounts or that other sales were not made by Mr. Ganis for his own benefit while employed by RCH is, denied.

62 (incorrectly numbered 15). Admitted in part and denied in part. RCH admits only that the three listed companies were contacted by Mr. Ganis. RCH lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 62 of the Counterclaim which are, therefore, denied.

63 (incorrectly numbered 62). Denied as stated. RCH lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Counterclaim which are, therefore, denied.

64 (incorrectly numbered 63). Denied.

### SECOND DEFENSE

65. The Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

## THIRD DEFENSE

66.   Count B fails as a matter of law because Mr. Ganis was not employed in Pennsylvania, as admitted by him in a pending administrative claim in New Hampshire.

WHEREFORE, the Plaintiff, RCH Products, Inc., respectfully requests that judgment be entered in its favor and against the Defendant, Rick Ganis, on his counterclaims, that the counterclaims be dismissed with prejudice and that RCH be awarded its costs in defending the counterclaims, including a reasonable attorneys' fee.

Respectfully submitted,

_____
James A. Matthews, III
John C. Romeo
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103
(215) 299-2762/2150 (FAX)

Attorneys for the Plaintiff,
RCH Products, Inc.

DATED:  July 30, 2002

## CERTIFICATE OF SERVICE

I, JAMES A. MATTHEWS, III, hereby certify that a true and correct copy of the foregoing Plaintiff's Answer to Defendant's Answer and Counterclaims was served upon counsel for the Defendant by federal express on this date at the address indicated:

>William L. McLaughlin, Jr., Esquire
>23 South Valley Road
>P.O. Box 494
>Paoli, PA 19301

>_____
>James A. Matthews, III

DATED: July 30, 2002